# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ABINGDON DIVISION

| | |
|---|---|
| **WINSTON CONWAY LINK**, ) | |
| ) | |
| Plaintiff, ) | Case No. 1:07CV00084 |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| **KIRAN BAKSHI, ET AL.**, ) | By: James P. Jones |
| ) | Chief United States District Judge |
| Defendants. ) | |

*John M. Lamie, Browning, Lamie & Gifford, P.C., Abingdon, Virginia, for Plaintiff; Sandy T. Tucker, Williams Mullen, a Professional Corporation, Richmond, Virginia, for Defendant Super 8 Motels, Inc.*

The issue before the court is whether the defendant is entitled to dismissal at this early stage of the case on the basis of the Virginia statute of repose, Va. Code Ann. § 8.01-250 (2007). I hold that the record is presently insufficient to determine that question, and thus deny the Motion to Dismiss.

I

In his Complaint, originally filed in state court, the plaintiff Winston Conway Link alleges that on January 2, 2005, he was a guest at the Super 8 Motel located in Abingdon, Virginia, and on the way to his room he "stepped down one of the steps that was out of compliance with the building code and fell." (Compl. ¶ 13.) He claims damages for his injuries suffered in the fall.

Link alleges that the defendant Super 8 Motels, Inc. ("Super 8 Motels") constructed the motel in 1989 and that at the time of the fall, the defendants Kiran Bakshi and Summit Bakshi were the owners of the property and were operating it "as a Super 8 Motel franchise." (Compl. ¶ 8.) He asserts that the defendants knew or should have known that the steps in question were not in compliance with the building code both at the time the property was constructed and at the time of the fall.

After removal of the case to this court,[1] Super 8 Motels moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) on the ground that the action against it is barred by the Virginia statute of repose, Va. Code Ann. § 8.01-250. That statute provides, in pertinent part, as follows:

> No action to recover for . . . bodily injury . . . arising out of the defective and unsafe condition of an improvement to real property . . . shall be brought against any person performing or furnishing the . . . construction of such improvement to real property more than five years after the performance or furnishing of such . . . construction.
>
> The limitation prescribed in this section shall not apply . . . to any person in actual possession and in control of the improvement as owner, tenant or otherwise at the time the defective or unsafe condition of such improvement constitutes the proximate cause of the injury . . . for which the action is brought; rather each such action shall be brought within the time next after such injury occurs as provided in §§ 8.01-243 and 8.01-246.

---

[1] Jurisdiction of this court exists pursuant to diversity of citizenship and amount in controversy. *See* 28 U.S.C.A. § 1332(a) (West 1993 & Supp. 2007).

Va. Code Ann. § 8.01-250.[2]   Super 8 Motels argues that it is clear from the allegations of the Complaint and the Franchise Agreement[3] that it constructed the improvement more than five years ago and that it was not "in actual possession or control of the improvement as owner, tenant or otherwise" at the time of the accident and thus the statute applies to bar the claim against it.

The Motion to Dismiss has been briefed and argued and is ripe for decision.

II

If applicable to the facts, I must apply the Virginia statute of repose in this diversity case. *See Jordan v. Sandwell, Inc.*, 189 F. Supp. 2d at 410. In construing the statute, I must follow the decisions of the state's highest court, or, where the law is unclear, predict how that court would rule, based on "canons of construction, restatements of the law, treatises, recent pronouncements of general rules or policies by the state's highest court, well considered dicta, and the state's trial court

---

[2] A statute of repose, unlike a statute of limitations, extinguishes a cause of action after a certain amount of time without reference to when the cause of action accrued. *See Jordan v. Sandwell, Inc.*, 189 F. Supp. 2d 406, 410 n.2 (W.D. Va. 2002).

[3] While the Franchise Agreement was not exhibited with the Complaint but was submitted by the defendant, the Complaint referred to the franchise relationship, and the plaintiff does not dispute the authenticity of the Franchise Agreement. Accordingly, it is proper for the court to consider it on a 12(b)(6) motion. *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 n.3 (2d Cir. 2002).

- 3 -

decisions," among other things. *Wells v. Liddy,* 186 F.3d 505, 528 (4th Cir. 1999).

Super 8 Motels is not the owner of the property, nor is it a tenant. The Franchise Agreement provides that the Bakshis, the franchisees, "will be entitled to possession of the Location and the Facility during the entire Term without restrictions that would interfere with [their] performance under this Agreement . . . ." (Franchise Agreement ¶ 14.1.) Moreover, it is provided that the franchisees "will exercise full and complete control over and have full responsibility for [their] contracts, daily operations, labor relations, employment practices and policies, including, but not limited to, the recruitment, selection, hiring, disciplining, firing, compensation, work rules and schedules of [their] employees." (*Id.* at ¶ 16.1.)

On the other hand, the Franchise Agreement requires the franchisees to submit to the Systems Operations Manual, including the Rules of Operations Manual, neither of which are part of the record. Since section 8.01-250 excludes a party in control of the premises as owner, tenant, "or otherwise," and because Super 8 Motels bears the burden of proof as to 8.01-250, *see Baker v. Poolservice Co.*, 636 S.E.2d 360, 366 (Va. 2006), I hold that at least at this point in the case, I cannot find that the statute of repose applies. *See Collier v. Arby's, Inc.*, No. 99-198, 2002 WL 31425707, at *3 (Va. Cir. Ct. Mar. 7, 2002) (holding that even though franchisor did not own the property, sufficient facts may exist to show that it was "otherwise" in control of the

- 4 -

premises within the meaning of 8.01-250 and thus denying motion for summary judgment without prejudice).

III

For these reasons, it is **ORDERED** that the Motion to Dismiss is DENIED, without prejudice to later consideration of the bar of Va. Code Ann. § 8.01-250 as to Super 8 Motels, Inc. on a motion for summary judgment.

ENTER: March 19, 2008

/s/ JAMES P. JONES
Chief United States District Judge